IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Johnny Thompson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:20-1849-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Sun Life Assurance Company of Canada d/b/a Sun Life Financial, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After review, the court dismisses Defendant's motion as moot.

"'[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Rainier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)). Therefore, a defendant's previous motion to dismiss becomes moot when a plaintiff files an amended complaint. See Sennott v. Adams, C/A No. 6:13-cv-02813-GRA, 2014 WL 2434745, at *3 (D.S.C. May 29, 2014) (unpublished) ("Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint.").

In this case, Defendant filed the instant motion to dismiss on May 20, 2020. (Mot. Dismiss, ECF No. 6.) On June 3, 2020, Plaintiffs filed an amended complaint pursuant to Rule

1

15(a)(1)(B) of the Federal Rules of Civil Procedure.  (Am. Compl., ECF No. 11.)  Based on the foregoing, Defendant's motion to dismiss is rendered moot.[1]

It is therefore

**ORDERED** that Defendant's motion to dismiss, docket number 6, is dismissed as moot.

**IT IS SO ORDERED**.

                                      s/Henry M. Herlong, Jr.
                                      Senior United States District Judge

Greenville, South Carolina
June 11, 2020

---

[1] If so desired, Defendants may file a new motion to dismiss within the time frame allotted by the Federal Rules of Civil Procedure.  See Sennott, 2014 WL 2434745, at *3.